IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ESTEVERNICO A. MITCHELL, #207 110, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-575-MHT |
| ) | [WO] |
| BOBBY CROCKER, *et al*., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, a state inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama. Pending before the court is Plaintiff's request for a preliminary injunction. He seeks to enjoin Defendants from denying him immediate heart surgery which he states two physicians have advised him needs. Doc. 16. As directed, Defendants filed a response to Plaintiff's request for issuance of a preliminary injunction. Doc. 25. Plaintiff filed a response to the court's order granting him an opportunity to show cause why his request for preliminary injunctive relief should not be denied as moot. Doc. 28. Upon consideration of Plaintiff's motion for a preliminary injunction, the court recommends the motion under Rule 65, *Federal Rules of Civil Procedure*, be denied as moot.

### II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court. . . ." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Plaintiff demonstrates each of these prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur absent issuance of

the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Id.*; *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352, 1354-55 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"'" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1284 (11th Cir. 1990).

### III. DISCUSSION

In response to Plaintiff's request for preliminary injunctive relief, Defendants submitted affidavits from Dr. Anita Wilson and Darryl Ellis, the Director of Nursing for the Staton medical

staff, and relevant excerpts from Plaintiff's medical records.[1] This evidence indicates Plaintiff has had coronary artery disease for several years. On August 29, 2016, an off-site cardiologist saw Plaintiff for a routine yearly follow-up appointment. The physician performed a nuclear imaging study and stress test of Plaintiff's heart which indicated possible restriction of the heart muscles. Because of these diagnostic studies, Dr. Wilson submitted a request that Plaintiff receive a follow-up appointment with the cardiologist. The request was approved. Plaintiff's original appointment date was rescheduled by the cardiologist's office because they had a scheduling conflict. Plaintiff saw the cardiologist on October 20, 2016, and the cardiologist recommended to the Staton medical staff that Plaintiff be scheduled for a heart catheterization with stenting or a coronary artery bypass graft. The cardiologist recommended the procedure as a routine procedure. On October 21, 2016, Dr. Wilson submitted a request that Plaintiff undergo the catheterization and stenting procedures recommended by the cardiologist. This request was approved within four days. The availability of the cardiologist determined the date Plaintiff would undergo the procedure. Because of security reasons, medical staff did not inform Plaintiff of the date of his scheduled procedures. On November 21, 2016, Plaintiff underwent the catheterization and stenting procedures at a free world hospital. Plaintiff was discharged the next day in stable condition. Doc. 25, Wilson Affidavit and Exh. A.

Defendants affirm no specialist recommended in October of 2016 that Plaintiff needed emergency medical care for his heart. Dr. Wilson states the procedures performed on him on November 21, 2016, are routine. The cardiologist did not indicate the Plaintiff required any emergency care. Doc. 25, Wilson Affidavit, Exh. A.

---

[1] The medical staff at Staton provides medical services to inmates incarcerated at Staton and three other nearby facilities; the Elmore Correctional Facility, the Draper Correctional Facility, and the Frank Lee Youth Center. Doc. 25, Wilson Affidavit.

3

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.'"). Additionally, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*

Here, Plaintiff sought preliminary injunctive relief claiming he required emergency heart surgery. Defendants' evidence reflects Plaintiff did not require urgent medical intervention regarding the matter alleged in his request for preliminary injunctive relief. Nonetheless, Defendants affirm, and the evidence reflects, that Plaintiff has undergone the medical procedure made the basis of his motion. The court, therefore, finds that the second factor necessary for preliminary injunctive relief—a substantial threat Plaintiff will suffer the requisite irreparable injury absent issuance of a preliminary injunction—does not now exist. *Siegel*, 234 F.3d at 1176. Accordingly, the court finds the request for preliminary injunctive relief against Defendants is moot.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. 16) be DENIED as moot.

2. This case be referred to the undersigned for additional proceedings.

4

It is further

ORDERED that **on or before March 31, 2017**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 17th day of March 2017.

    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE