IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ESTEVERNICO A. MITCHELL, #207110, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:16cv575-ECM
) (wo)
BOBBY CROCKER, *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (doc. 86) and the Plaintiff's objection thereto. (Doc. 87).

Following an independent evaluation and *de novo* review of the file in this case, the Court finds the objection to be without merit and due to be overruled.

Plaintiff Estevernico A. Mitchell ("Mitchell") filed a *pro se* complaint on July 15, 2016 and a superseding amended complaint on October 13, 2016. Mitchell claims, pursuant to 18 U.S.C. § 1983, that during his imprisonment in the Elmore County Correctional Facility medical providers acted with deliberate indifference to his serious medical needs. The Defendants filed a special report which was treated as a motion to dismiss because it was based on exhaustion of remedies. (Doc. 86).

The Magistrate Judge recommended that the Defendants' motion to dismiss be granted to the extent that it is based on exhaustion of remedies. The Magistrate Judge found that there was an available administrative remedy and that Mitchell failed to exhaust it

before initiating this action. The Magistrate Judge found that Mitchell's grievances, specifically a July 2016 grievance and October 2016 grievance, were filed after the initiation of the lawsuit.[1] The Magistrate Judge also relied on evidence that Mitchell had filed no grievance appeals. (Doc. 86 at 7).

In his objection to the Magistrate Judge's Recommendation Mitchell states that his sisters made phone calls to the Warden on his behalf, but there is no evidence that such calls complied with the grievance procedure. Mitchell also contends that he filed at least four grievances and received no answer. Mitchell attaches a form checked as a Medical Grievance, dated July 20, 2016; three forms checked as a Medical Grievance, dated in October 2016; and three forms checked as Medical Grievance Appeal, dated in October 2016. (Doc. 87-1).

This lawsuit was filed on July 15, 2016. (Doc. 1). "[P]risoners must exhaust any administrative remedies available to them before filing a suit in federal court based on violations of constitutional rights." *Miller v. Tanner*, 196 F.3d 1190, 1192-93 (11th Cir. 1999). Therefore, because the evidence Mitchell relies on contains no grievance or grievance appeal dated before the filing of this case, his objection is unavailing.

To the extent that Mitchell's objection contains claims not included in his complaint, that attempt to state a new claim is improper. *Cf. Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

---

[1] Although the Recommendation gives a date of July 2, 2016 for this grievance, the grievance at the page cited by the Magistrate Judge is dated July 20, 2016, and it is the same grievance attached to Mitchell's objection. (Doc. 40-10 at 118 and Doc. 87-1 at 1).

For the reasons stated, it is hereby ORDERED as follows:

1. The Objection (doc. 87) is OVERRULED.

2. The Court ADOPTS the Recommendation of the Magistrate Judge.

3. The motion to dismiss (doc. 40) is GRANTED to the extent that it seeks dismissal due to failure to exhaust an administrative remedy and this case is DISMISSED without prejudice.

The Clerk of the Court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

Done this 8th day of October, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNTIED STATE DISTRICT JUDGE